Good morning. Mark Oberlin on behalf of Appellant Stephanie Lazarus. Before I begin, there is a correction on the opening brief I'd like to call the Court's attention to. And that's on page 15 of the opening brief, the second sentence, the first full paragraph. There's a cite to the excerpt of the record which is blank. And I apologize for that. The cite should be pages 52, 53, and 60. And I apologize for the omission. No problem. Before I begin, we've briefed the issues pretty thoroughly. I'd be happy to answer any questions that the Court may have with respect to any of the issues that have been raised. Mr. Oberlin, I'll start then. Can you report me to any authority where a federal court has actually done what you ask? Where a federal court has actually done, well, I'm asking several things. Well, has rejected a bond amount set by a state court. And the second question I'm going to ask you is what happens then if we accepted your argument? Do we set the amount? Do we send it back and have them take another stab at it? Well, I guess the optimum would be for this Court to set the amount. Although I don't think that there's any case that has done that. Well, how would I do that if I know nothing of the record? Well, I think the record is in the excerpt of record. You have everything that the lower court had in the excerpt of record. You had the evidence presented by the prosecution. You had the evidence presented by the defense. It's all contained in the excerpt of record. You have the hearing that was conducted on December 18th of 2009 by the lower court. It's all there. Well, then do I set that in accordance with some federal procedure? Or am I assumed to know California's procedure for bail setting? Well, the California procedure for bail setting is delineated in all the papers, so that if you look at the opening brief and you look at the reply brief and the footnotes, the procedure is set out as to what the California standards are. And the whole argument is based on, in part, on the due process violation and not following the established standards which are contained in the California Constitution. But I agree that it's unlikely that this court would set the bail. The more reasonable result would be for the court to send it back to the state court to make its determination in accordance to whatever guidelines the court sets here. The trouble, as the judge points out, we don't know the record. We know what the experts, you're saying that's enough. We don't know what the district court was doing. Suppose we could set this matter for trial on a certain date. Would you like that, an immediate trial date? Well, you can't do that because you don't Well, we can't fix the bond either, so we can do one about as well as we can do the other. Well, I understand that, and that's why I say it's unlikely for It doesn't matter. The bond doesn't matter if you're going to get to trial. You don't care about the bond. Well, the bond does matter because It's going to be tried. It's done. She'll be there. Well, but one of the issues in terms of the bond is the ability to prepare for trial. And that's hampered, and the district court and the state court recognized that, that that was one of the arguments that was presented in the lower court. If you look at the transcript of the hearing, and I think that's On the excerpt of record of page 56, lines 8 to 10, that was one of the things that we said was part of the detriment in being incarcerated prior to trial, as is recognized by the appellate courts, federal appellate courts, is the inability to, or the hampering of the ability to prepare for trial. But I think we're digressing in terms of me asking this court to set the bond. That's really not, that's an alternative, but I realize that that's probably not going to happen. But certainly this court can say that federal standards with respect to excessive bail were violated, and therefore you have to go back and determine, you have to go back, that is the state court, has to determine an appropriate bail in accordance with federal standards. And that's an alternative that I'm asking for. So that I'm not asking just that this court set a bond, and clearly there are problems with that because of what's been mentioned. But what I am asking is that the court realize that federal standards with respect to excessive bail have been violated. What standards are you referring to specifically? Well, if you look at the cases that we have cited, the court, the lower court has designated one governmental interest that has to, that justified setting bail in an amount which is ten times the presumptive bail. True, but the trial judge gave his reasons for doing that. Yes, and the trial judge gave the reasons for doing that. And then what we are saying is, number one, and if you look under the ADPA, there is no basis in the record for those reasons. The reasons that he gave, if you look at the record, is that because of the seriousness of the offense,  Well, that's part of what he said. He also said the proof of guilt is strong. And the proof of guilt was strong. Right. Access to firearms? No. That's not. In fact, if you look at the record, the judge said that he was not basing his decision on that. If you look at the record with respect to that, if you look at page 59, lines 7 to 10 of the excerpt of record, the court said that the defendant likely has access to weapons and released and is a potential danger to herself and to others. However, I do not rest my decision today on this finding. But in a way, sir, it seems to me that cuts against your argument. I mean, the judge here went out of his way to articulate a number of reasons why he was departing from the bail schedule, which, as you noted, is ten times the designated amount, and has given all of those reasons. And now you're asking us to exercise an independent review of those reasons, because that's the only way you can get to the excessive bail reasoning. I don't see how that cuts against my argument. And the California Constitution requires that if you deviate from the presumptive bail, and the statutes require that if you deviate from the presumptive bail, you make specific findings with respect to that deviation. I take your point about that. But you appealed it to the California state court system. You went to the California Court of Appeal. You got some relief. You went to the California Supreme Court. They decided to leave it alone. It seems to me when it comes to interpreting the California bail procedure, they get the last word on that. But we're not interpreting California bail procedure. You just said it was the California bail standards that should be applied. In terms of whether or not it violates the Eighth and Fourteenth Amendment, the excessive bail clause, and also in terms of whether or not the court followed the procedures that were ---- The California court said they did. Well, I don't think that they did. I don't think that the California court ruled on that. The last ---- Didn't the California Court of Appeal say the amount was fine, that you had to tinker with the cash provision? No, they didn't say the amount was fine. They granted a petition for writ of mandate with respect to the issue of the cash bail. In all other respects, the petition was denied. That's not a decision on the merits. Well, let's put it this way. You didn't get relief on the dollar. I can say that. Okay. I mean, we can say that. We can say that. I see you've got about a half a minute left. Did you want to reserve it? Or you can use it all up now if you'd like. No, I'll reserve it. Okay. Thank you very much. Thank you. Good morning. Good morning. May it please the Court and Counsel, Gilbert Wright, Los Angeles County Deputy District Attorney on behalf of the appellee. A state's interest in administering its criminal justice system free from federal interference is one of the most profound and powerful of considerations that the state has. And before a federal court decides to give equitable relief, that court should consider that as a strong influence to not do it. So says Younger. We know that from appellant's brief that they're not asking to say that the California statutes with respect to bail are unconstitutional. They're not saying that the state court did not have a right to set bail. But with all due respect to counsel, they are asking this court to set reasonable bail without the benefit, and I could be wrong, but without the benefit of even having a preliminary hearing transcript of which the state superior court had and used that as its reasons for setting bail. Appellant is asking you to do that in spite of the fact that the state superior court went meticulously and carefully tracking the California state statutes as to the reasons why he set bail. So if that is appellant's argument, that he's wanting you to set bail, he has, not only does he not have a federal claim, the argument for Younger extension is even stronger. We know that. Doesn't the argument for Younger extension though basically read the excessive bail clause out of the Constitution? It's there, but we can never reach it? I would say this, that the United States Supreme Court has never said that the excessive bail clause specifically applies to states. So if that is what the court is saying, there is no violation, there can be no violation of federal law when the state superior court set his bail, in particular when the state superior court tracked the California statute. There is no federal issue. There is no violation of the Constitution, as the district court said. There is no violation of United States law, which is a prerequisite for this court to act. There is no violation of that. But what we have for Younger extension, we have an ongoing state proceeding. We also have vital state interests that the court set out, danger to society, appellant's danger to herself and the public, as well as securing her presence for trial. And on top of that, appellant had every opportunity to raise his constitutional issues, not only with the state superior court, but with the appellant court and the state supreme court. He's had those opportunities, and for the district court, for good measure. Well, Mr. Riley, let me ask you this question, though. Where is the interference with the state administration if we review the bail amount? The interference is, in particular, if this court says we're going to set bail, could very well mean that the state's vital interest of securing her presence for trial, because the state superior court meticulously tracking California statutes as to why he set bail for $10 million, could mean that she could get out. And it could mean that she would not be present for trial. Well, I think Mr. Orland just said that he recognized that was a pretty far reach, and what he really wanted was for us to send it back and say $10 million was too much. Well, I'm going on also what he said in his brief, as well. And he asked you all to set bail. But if that is now his argument, I don't see where the court has the federal authority, has the authority to do it, because there has been no United States Supreme Court yet that has said that the excessive bail clause applies to the states. And that's the only way you could reach that. And on top of that, as the district court said, there has been no violation of state law. There hasn't been no violation of federal law. There hasn't been no violation of the United States Constitution. So then he is asking you to interpret California state law. And as you've indicated, the state courts are the final arbiters of the state law. Mr. Wright, why does it matter? This is not an AEDPA case, right? I'm sorry? This is not an AEDPA case. I'm not sure. Any terrorism? No. A more effective death penalty. No. So it really doesn't matter whether the Supreme Court has ruled on whether excessive bail applies to the states or not? Well, I think it does. It applies in an AEDPA case. It doesn't apply in a non-AEDPA case. Well, I hear what the Court is saying. But because this Court is being asked to reach a state law's determination of whether or not the bail that was set was excessive, and there's no ruling as to whether or not the excessive bail clause of the Eighth Amendment applies, I think that he is asking this Court to reach something that it doesn't have the power to do yet. Let me ask you another question about the Younger abstention. Yes. As you know, the general rule in Younger is that federal courts don't interfere in ongoing state prosecutions. That's correct. There are exceptions to that rule. Yes. One deals with double jeopardy, one deals with speedy trial. They're arguing this is like those exceptions. Why are they wrong about that? Well, as the district court said, they're wrong about that because the bail that was set here was set after a probable cause determination, after the preliminary hearing. If they're arguing that they are suffering some kind of injury akin to double jeopardy or the other speedy trial violation, it can't be because courts have said, case law has indicated that once bail is set after a preliminary hearing, it's regulatory. It's not punishment. There can't be injury. The only the appellant is not even threatened with injury other than any other criminal proceeding that's brought lawfully and in good faith. There is, I don't see how this is similar at all to double jeopardy. This is regulatory and it was made after the court heard the evidence, which apparently moved that court to the point to say, not only do I think that this individual executed someone who was very vulnerable, who was a danger to the public safety and to herself possibly, and could possibly flee, and the seriousness of the offense, that's why I'm imposing this $10 million bail. And I would, let's see, I only have two minutes left, I think. That is essentially my argument, unless you have any more questions. I think that what the district court said was absolutely correct, that the honor extension applies and also that even if it doesn't, even if there was an exception, it reached the merits of this case and the district court indicated that it does not have the power to interpret California statutes in particular because it's believed the excessive bail clause does not apply. One moment. So the bail that was set here, again, tracked what the court said as to his reasons. It was designed to address a perceived evil as he saw it in listening to the evidence. And in that respect, it's not arbitrary, it's not capricious, the district court was correct. And as I said, the bail set here was designed to address the perceived evil and the district court's decision should be affirmed. Thank you. Mr. Orland, you've got about a half minute left. I know we have and have to live with a bail system that allows the wealthy to purchase their freedom before trial. But what we have here, what happened here was that the trial court imposed a $10 million bail, which is unattainable to a defendant. And that it found couldn't afford to provide funds for ancillary services, such as an investigator or expert. This is not a reasonable bail. Defendant is entitled to reasonable bail. What happened here was the court imposed in de facto pretrial detention with no bail, contrary to what the California Constitution prescribes. And under the due process clause and under the 14th Amendment and under the 8th Amendment incorporated into the 14th Amendment, this is an unreasonable bail and also a denial of established pretrial bail procedures to which the defendant is entitled to under Hicks v. Oklahoma. Thank you very much, Mr. Orland. Mr. Wright, thank you too. The case just argued is submitted. Thank you.
judges: Robart, Farris, Silverman